# IN THE COURT OF APPEALS OF IOWA

No. 14-0073
Filed April 8, 2015

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**VINCENT DUNCAN,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Tama County, Mary E. Chicchelly, Judge.

 A defendant appeals his convictions for second-degree sexual abuse, lascivious acts with a child, and assault with intent to commit sexual abuse. **AFFIRMED.**

 Chad R. Frese of Kaplan & Frese, L.L.P., Marshalltown, for appellant.

 Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Brent Heeren, County Attorney, for appellee.

 Considered by Vaitheswaran, P.J., Tabor, J., and Eisenhauer, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, P.J.**

Vincent Duncan was tried to the court, and was found guilty of second-degree sexual abuse, lascivious acts with a child, and assault with intent to commit sexual abuse. *See* Iowa Code §§ 709.3, .8(2), and .11 (2013). Duncan challenges the sufficiency of the evidence supporting the district court's findings of guilt. He specifically asserts "the testimony at trial of the witnesses present at the house . . . contains numerous inconsistencies and contradictions."

The record does contain inconsistencies and contradictions, many of which the district court resolved after weighing the credibility and motives of the testifying witnesses. This was the court's prerogative. *See State v. Dewitt*, 811 N.W.2d 460, 476 (Iowa 2012) ("[C]redibility determinations are an essential function of the fact finder."); *State v. Weaver*, 608 N.W.2d 797, 804 (Iowa 2000) ("Determinations of credibility are in most instances left for the trier of fact, who is in a better position to evaluate it.").

Of greatest concern is the testimony of the child witness who, like the child witnesses in *State v. Smith*, 508 N.W.2d 101 (Iowa Ct. App. 1993), made certain unrealistic statements. However, as the district court found, the child was the first person to raise the issue of sexual contact with Duncan, she "consistently" described the sex act in a statement to a child protective worker and in her trial testimony, she "corrected" the worker when the worker identified a different person as the perpetrator, she identified the defendant as the perpetrator at trial, she "made no other allegations of contact, sexual, assaultive, or otherwise, against" Duncan, and "at no point" did she recant her statements. These findings are all supported by substantial evidence. *See Weaver,* 608 N.W.2d at 803-04

(setting forth standard of review). When combined with the district court's finding that her "demeanor was appropriate and she was a very credible young witness," we conclude her account was not so "inconsistent, self-contradictory, lacking in experiential detail, and . . . border[ing] on the absurd" as to require reversal. *See Smith*, 508 N.W.2d at 103.

We affirm the district court's findings of guilt and Duncan's conviction and sentence.

**AFFIRMED.**